UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN CAYER, | ) |
| Plaintiff, | ) Case No.: 2:16-cv-02387-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| THE VONS COMPANIES, a Michigan Corporation; SUSAN HUTCHISON, an individual; DOES I through X and ROE CORPORATIONS I through X, inclusive, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Remand, (ECF No.12), filed by Martin Cayer ("Plaintiff"). Defendants The Vons Companies ("Vons") and Susan Hutchison ("Hutchison") (collectively "Defendants") filed a Response, (ECF No. 15), and Plaintiff filed a Reply, (ECF No. 16). For the reasons stated herein, Plaintiff's Motion to Remand is **GRANTED**.

**I.    BACKGROUND**

This case arises from incidents that occurred while Plaintiff was employed by Vons. (Compl. ¶¶ 7–57, ECF No. 1-3). In the Complaint, Plaintiff seeks to recover amounts in excess of $10,000 for general damages, special damages, and punitive damages. (Compl. ¶ 80). Additionally, Plaintiff seeks two times actual damages pursuant to NRS 41.1395, an unspecified amount for attorneys' fees, and costs of the suit. (*Id.*).

Plaintiff originally filed this case in Clark County District Court on September 19, 2016. (*Id.*). On October 13, 2016, Defendants removed the case pursuant to diversity jurisdiction under 28 U.S.C. § 1332. (Pet. of Removal 1:19–25, ECF No. 1). In the instant Motion, Plaintiff now seeks to remand to state court for failing to meet diversity jurisdiction. (Mot. to Remand 3:3–8).

## II. LEGAL STANDARD

If a plaintiff files a civil action in state court, a defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III. DISCUSSION

This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000 and (2) is between citizens of different states. 28 U.S.C. § 1332(a). In their Petition for Removal, Defendants assert that they meet the criteria for diversity jurisdiction because: (1) Plaintiff seeks damages in excess of $75,000 and (2) Plaintiff fraudulently joined Hutchison.[1] (Pet. of Removal 2:16–28; 3:1–28; 4:1–25).

In the instant Motion, Plaintiff contends that removal was improper because the amount in controversy is below the jurisdictional threshold, and Plaintiff now seeks to remand the case. (Mot. to Remand 3:3–8). In their Response, Defendants assert that the amount in controversy

---

[1] Because the Court is granting Plaintiff's Motion to Remand on amount in controversy grounds, the Court will not address whether Hutchison's joinder was fraudulent.

is met because Plaintiff: (a) fails to calculate attorneys' fees in his summation of damages; (b) incorrectly argues that punitive damages should not be considered in determining the amount in controversy; and (c) requests in his initial demand letter damages that exceed the jurisdictional threshold. (Resp. 1:26-28; 7:23–25; 8:1–24). The Court will address each of the arguments in turn.

### a. Attorneys' Fees

Defendants assert that attorneys' fees should be included within the amount in controversy calculation pursuant to NRS § 41.1395. (Resp. 5:15–18). Specifically, under NRS § 41.1395(2), attorneys' fees may be sought by the Plaintiff. In opposition, Plaintiff contends that attorneys' fees should not be included because Defendants fail to provide an adequate estimate of probable attorneys' fees. (Reply 5:1–3).

It is true that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). However, the test determining whether attorneys' fees may be included in the amount in controversy varies within this District. *See Pereza v. Progressive Direct Ins. Co.*, No. 2:15-cv-77-JCM-VCF, 2015 WL 1549270, at *11 (D. Nev. Apr. 8, 2015) (considering attorneys' fees despite the defendant providing "little support for the amount"); *but see Rocha v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-1423-GMN-VCF, 2014 WL 6065826 at *5 (D. Nev. Nov. 12, 2014) (requiring "an estimate as to the time the case will require and opposing counsel's hourly billing rate" to consider attorneys' fees).

This Court considers attorneys' fees to be within the amount in controversy if the removing party: (1) identifies "an applicable statute which could authorize an award of attorneys' fees and (2) provide[s] an estimate as to the time the case will require and opposing counsel's hourly billing rate." *Hannon v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-1623-

GMN-NJK, 2014 WL 7146659, at *5 (D. Nev. Dec. 12, 2014). In the instant action, neither party disputes the first prong of the test. However, because Plaintiff contends that Defendants do not provide a sufficient estimate, the second prong of the test remains at issue.

Defendants cite to *Guglielmino v. Mckee Foods Corp.*, 506 F.3d 697, 698 (9th Cir. 2007), to support their contention that 12.5% of Plaintiff's economic damages is a reasonable estimate of attorneys' fees. (Resp. 5:19–25). However, although the Ninth Circuit determined that 12.5% was appropriate in *Guglielmino*, the specific value was never held to be a hard and fast rule. For example, in subsequent cases, courts in this District, including this Court, have declined to include attorneys' fees if the amount offered by a defendant is "too speculative and conclusory to accept as summary-judgment-type evidence." *Pegram v. Jamgotchian*, No. 3:12-cv-50-RCJ-VPC, 2012 WL 3929789, at *19–20 (D. Nev. Sep. 6, 2012); *see also Hannon*, 2014 WL 7146659 at *5.

In this case, Defendants' proffer of attorneys' fees is indeed "too speculative and conclusory" for the Court to consider it in the jurisdictional requirement. *See Pegram*, 2012 WL 3929789, at *19–20. As such, Defendants fail to overcome the second prong of the *Hannon* test here and present no evidence that allows the Court to forecast a reasonable amount of attorneys' fees. Because Defendants have not carried their burden to display calculable attorneys' fees, the Court cannot consider attorneys' fees within the amount in controversy.

Despite the exclusion of attorneys' fees, however, Defendants may still attain the amount in controversy through punitive damages. Therefore, the Court will next consider whether the inclusion of punitive damages is proper.

**b. Punitive Damages**

Defendants contend that Plaintiff's punitive damages should be considered within the amount in controversy. (Resp. 2:26–28). Conversely, Plaintiff argues that punitive damages

should be excluded because Defendants fail to adequately support their contention that punitive damages should be included. (Reply 4:1–2).

Indeed, "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). However, because the amount of punitive damages that may be awarded is unclear, Defendants bear the burden of "providing the facts to support jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). To include punitive damages, Defendants "must present evidence indicating that the amount plaintiff seeks will, more likely than not, exceed the amount needed to increase the amount in controversy to $75,000." *Flores v. Standard Ins. Co.*, 2010 WL 185949, at *14 (D. Nev. Jan. 14, 2010); *see also Hannon*, 2014 WL 7146659 at *6. To meet this burden, Defendants "may introduce evidence of jury verdicts in cases involving similar facts." *Flores*, 2010 WL 185949 at *14.

Here, Defendants merely allude to Plaintiff's request for punitive damages without providing any evidence of a potential punitive damages award amount. (Resp. 2:26–28). Mere allusion, in the absence of supplementary evidence, is insufficient for the Court to determine a probable punitive damages amount. *See Hannon*, 2014 WL 7146659 at *6. Therefore, Defendants have not met their burden, and the Court will not consider punitive damages within the amount in controversy calculation. *See Flores*, 2010 WL 185949 at *14.

Although punitive damages and attorneys' fees will not be calculated within the amount in controversy, Defendants can still meet their burden by providing sufficient probative evidence indicating that the damages sought by the Plaintiff will more likely than not exceed $75,000. *See, e.g.*, *Gaus*, 980 F.2d at 566–567.

**c. Demand Letter**

Defendants argue that Plaintiff's demand letter is probative evidence in exceeding the jurisdictional threshold. (Resp. 7:23–25; 8:1–2). Contrarily, Plaintiff asserts that the demand

letter is not probative because Defendants fail to show that it reflects a reasonable estimate of Plaintiff's claims. (Reply 5:10–17).

The Ninth Circuit holds that a "settlement letter is relevant evidence in determining the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim." *Cohn v. PetSmart, Inc.*, 281 F.3d 839, 840 (9th Cir. 2002); *see Dominguez v. Ralphs Grocery Co.*, No. 2:13-CV-2233-GMN-PAL, 2014 WL 4162378, at *2 (D. Nev. Aug. 20, 2014). However, a plaintiff can "disavow his letter or offer contrary evidence" to foreclose its consideration in the amount in controversy calculation. *Cohn*, 281 F.3d at 840.

Here, Plaintiff provides contrary evidence through the calculation of damages in his Motion to Remand. (Mot. to Remand 3:9-23). Specifically, Plaintiff's demand letter includes an assessment of actual damages set at $40,054.76 and demands $1,000,000.00 from Defendants. (Pet. of Removal Ex. E ("Demand Letter") at 5, ECF No. 1). Additionally, Plaintiff's letter fails to provide "a reasonable estimate" of the claim. *Cohn*, 281 F.3d at 840. Plaintiff, however, provides no information explaining how either amount was calculated. Without more, neither amount adequately provides a "reasonable estimate" of the demand's pecuniary value. *See Hanshew v. Blazin Wings, Inc.*, No. 2:16-cv-1541-JCM-PAL, 2016 WL 7489043, at *6 (D. Nev. Dec. 30, 2016) (using plaintiff's calculation of damages in determining the amount in controversy despite a settlement offer of $350,000 in a demand letter); *see also Corea v. Kim*, 2:16-cv-01024-GMN-GWF, 2016 WL 3535804, at *4 (D. Nev. June 27, 2016) (determining a line-item listing of plaintiffs' medical expenses and a settlement demand of $1,000,000 to be insufficient for a "reasonable estimate" of plaintiffs' claims).

Moreover, at the time the Complaint was filed, Nevada Rule of Civil Procedure 8(a) stated, "[w]here a claimant seeks damages of more than $10,000, the demand shall be for

damages 'in excess of $10,000' without further specification of amount."[2] N.R.C.P. 8(a). "Because Nevada law does not allow a plaintiff to plead specific damages greater than $10,000, no adverse inference should be taken from a plaintiff's failure to specifically plead damages above $10,000 but below the minimum for diversity jurisdiction." *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-cv-00661-RCJ-RAM, 2010 WL 2609045, at *2 (D. Nev. June 24, 2010).

Here, Defendants offer no evidence aside from Plaintiff's demand letter that suggests damages would exceed the minimum alleged values. Consequently, the calculation of damages utilizes the minimum amounts sought. *See Hanshew*, 2016 WL 7489043, at *5 (utilizing minimum amounts when adding general damages and compensatory damages listed to be "in excess of $10,000"). Therefore, in adding the sum of the included damages alleged, the total amounts to $60,000.06.[3] Accordingly, Defendants have failed to satisfy their burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court must remand this case.[4]

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 12), is **GRANTED.**

///
///
///
///

---

[2] Although Nevada has been engaged in amending the limit amount necessary under this statute, the amended amount does not affect what is at issue with the instant Motion. *See* The Proposed Amend. to NRCP 8(a), ADKT No. 0517 (Nev. Sup. Ct. 2016) (order amending rule 8(a)).

[3] The Court reaches this figure by adding: $10,000.01 in general damages, $10,000.01 in special damages, and $40,000.04 pursuant to NRS 41.1395. (*See generally* Compl.).

[4] If it is later discovered that the amount in controversy exceeds $75,000, Defendants may remove the case within thirty days of receiving such notice, contingent upon the one-year limit for removal. 28 U.S.C. § 1446.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**DATED** this __21__ day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court